UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JORGE MARTINEZ,

        Plaintiff,

        v.                                                    Case No. 23-cv-1209-bhl

JENNIFER MCDERMOTT, et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Jorge Martinez is representing himself in this 42 U.S.C. §1983 action. On October 6, 2023, Martinez paid an initial partial filing fee of $44.67. On October 23, 2023, the Court screened the complaint and ordered Martinez to pay the remainder of the filing over time in accordance with 28 U.S.C. §1915(b)(2). About a week later, on November 3, 2023, Martinez filed a motion to pay the remainder of the filing fee using funds in his release account. He explains that the business office refuses to let him access those funds without a Court order. Dkt. No. 11.

      The Prison Litigation Reform Act (PLRA) applies to this case because Martinez was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do

not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Although federal courts will sometimes allow a plaintiff to pay the initial partial filing fee with funds in his release account, federal courts are less willing to allow a plaintiff to pay the full filing fee from that account. Allowing this practice would significantly deplete the value of the prisoner's release account, thereby undermining the very purpose of the account. Accordingly, the Court will deny Martinez's motion for leave to use funds in his release account to pay the remainder of the civil case filing fee. Martinez must pay the remainder of the fee over time as set forth in §1915(b).

**IT IS THEREFORE ORDERED** that Martinez's motion for leave to pay the remainder of the filing fee with funds in his release account (Dkt. No. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin on November 14, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge