UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JORGE MARTINEZ,

    Plaintiff,

v.                                                               Case No. 23-cv-1209-bhl

JENNIFER MCDERMOTT, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Jorge Martinez, who is incarcerated at Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On January 22, 2024, the Court screened the amended complaint and dismissed this action after concluding that Martinez's allegations about Defendants' responses to his risk of contracting COVID-19 failed to state a claim. On February 26, 2024, Martinez filed a motion for reconsideration. He asserts that the Court misinterpreted his amended complaint with regard to the timing and frequency of his contact with a COVID-infected inmate.

Under Fed. R. Civ. P. 60(b)[1], a court may vacate a judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted). Although the Court may have misunderstood Martinez's allegations with regard to the timing and frequency of his contact with

---

[1] The relief offered in Fed. R. Civ. P. 59(e) is not available to Martinez because he filed his motion more than 28 days after the entry of judgment.

other inmates, the Court's conclusion that he failed to state a claim was not based on that misunderstanding. The Court dismissed Martinez's complaint on multiple grounds, including Martinez's acknowledgement that he had regularly hugged and shook hands with other inmates despite knowing COVID-19 is highly contagious and despite his institution's guidelines on how to minimize the spread of the virus. The Court also highlighted that Defendants affirmatively responded to the challenges of the pandemic and the "mere fact that they did not respond in the way Martinez would have preferred [did] not support an inference that they turned a blind eye to the risk of infection." Dkt. No. 20. Given that the error Martinez identifies does not change the Court's conclusion that the amended complaint fails to state a claim, the Court will deny his motion for reconsideration.

**IT IS THEREFORE ORDERED** that Martinez's motion for reconsideration (Dkt. No. 22) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 25, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge